UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CANDICE FUNDUNBURKS,
#753292,

    Petitioner,                                             Civil Action No. 18-CV-11399

vs.                                                           HON. BERNARD A. FRIEDMAN

SHAWN BREWER,

    Respondent,
_____/

# OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner is a Michigan prisoner who has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Following a jury trial in Ingham County Circuit Court, petitioner was convicted of second-degree murder, Mich. Comp. Laws § 750.317. She was sentenced as a third-offense habitual offender, Mich. Comp. Laws § 769.11, to 300 to 480 months of imprisonment. Petitioner now challenges the conviction by asserting a sufficiency of the evidence claim. For the reasons set forth below, the Court shall deny the instant petition. The Court shall also deny a certificate of appealability and leave to proceed on appeal in forma pauperis.

**I. Background**

This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1):

> On the evening of June 14, 2015, defendant and her eight-year boyfriend, Jeremy Marshall, visited a club. While at the club, Marshall apparently interacted with other women, and these interactions led to an argument between the two. When the two returned home later that evening, according

to defendant, she and Marshall engaged in a lengthy physical altercation during which Marshall assaulted and attempted to rape defendant.[FN1] Two neighbors corroborated defendant's account of the altercation.[FN2] Marshall's brother, who was sleeping on a couch in the home, testified that the couple argued at the club and in the car but said that, once they returned home, "[e]verything cooled down." Consistent with Marshall's brother's recollection of the events that evening, there were also no physical markings on defendant to support her or the neighbors' testimony that a physical altercation occurred.[FN3] At some point during the early morning hours of June 15, 2015, defendant used a kitchen knife to stab Marshall to death.[FN4] Marshall's cellphone was recovered during the investigation, and it reflected text messages to and from a woman, but not defendant, that were "flirtatious, probably sexual" in nature, that "described sexual positions they favor or like," and that involved plans to meet. Defendant was originally charged with open murder, MCL 750.316, but, concluding that the prosecution failed to present sufficient evidence to support that charge, the trial court instructed the jury only on the elements of second-degree murder and voluntary manslaughter. The jury found defendant guilty of second-degree murder, and she was sentenced as described above. . . .

---

[FN1] This is consistent with how defendant described the events that took place during the early morning hours of June 15, 2015, at trial and how she describes them on appeal. [H]owever, it is not how she described those events to police officers that arrived at her home that morning.

[FN2] It should be noted that defendant admitted asking her 19-year-old daughter to speak with the neighbors "to get them on [her] side."

[FN3] Similarly, defendant did not mention the alleged assault or attempted rape to police officers who arrived at the home later that morning.

[FN4] Defendant stabbed Marshall in "his upper left side of his chest," and he was pronounced dead at 5:23 a.m. that morning.

*People v. Fundunburks*, No. 327479, at *1-2 (Mich. Ct. App. July 19, 2016) (unpublished); *see* docket entry 6-13.

Petitioner's conviction was affirmed on appeal, *id.*, and the Michigan Supreme Court denied the application for leave to appeal. *People v. Fundunburks*, 889 N.W.2d 260 (Mich. 2017).

Petitioner seeks habeas relief on the following ground:

2

> Defendant-Appellant is entitled to a new trial or entery [sic] of the lesser ofense [sic] of voluntary manslaughter, where there was insufficient evidence to find for a conviction of Second-Degree Murder.
>
> ***
>
> Defendant submits the prosecution failed to satisfy the requirements of malice. There was no evidence submitted that defendant either intended to kill, or intended to create a very high risk of death with the knowledge that her act would cause death or great bodily harm. The evidence supports a finding of voluntary manslaughter. . . . What was in dispute was defendant's state of mind when she acted. Defendant's actions, while intentional, were . . . committed "under the influence of passion, in the heat of blood, produced by adequate or reasonable provocation before a reasonable time had elapsed for the blood and reason to resume.["]

Pet. at 5 (PageID.5).

**II. Standard of Review**

Section 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable

3

application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

"[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The AEDPA thus

> imposes a "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320, 333, n.7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and "demands that state-court decisions be given the benefit of the doubt," *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (*per curiam*).

*Renico v. Lett*, 559 U.S. 766, 773 (2010) (footnote omitted). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *Woods v. Etherton*, 136 S. Ct. 1149, 1152 (2016).

**III. Discussion**

As noted above, petitioner claims that there was insufficient evidence to convict her of second-degree murder. She argues that the prosecution failed to provide evidence to satisfy

4

the element of malice and that the evidence therefore supports a finding of voluntary manslaughter. She contends that her "state of mind when she acted" is in dispute and that her "actions, while intentional, were . . . committed 'under the influence of passion, in the heat of blood, produced by adequate or reasonable provocation before a reasonable time had elapsed for the blood and reason to resume.[']" Pet. at 5 (PageID.5).

The Supreme Court has held that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship*, 397 U.S. 358, 364 (1970). Habeas review of sufficiency of the evidence claims is limited to reviewing the elements of the crimes as defined by state law. *See Allen v. Redman*, 858 F.2d 1194, 1197 (6th Cir. 1988) (citing *Engle v. Isaac*, 456 U.S. 107 (1982), and *Duffy v. Foltz*, 804 F.2d 50 (6th Cir. 1986)). Under *Jackson v. Virginia*, 443 U.S. 307 (1979), the crucial question in reviewing the sufficiency of the evidence to support a criminal conviction is

> whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. But this inquiry does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." *Woodby v. INS*, 385 U.S., at 282, 87 S.Ct., at 486 (emphasis added). Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Johnson v. Louisiana*, 406 U.S., at 362, 92 S.Ct., at 1624–1625.

*Jackson*, 443 U.S. at 318-19 (emphasis in original; footnotes omitted). In other words, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012). A state court's determination that the evidence does not fall below that threshold is entitled to "considerable deference under [the] AEDPA." *Id.*

5

A federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim merely because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith*, 565 U.S. 1, 2 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.*

Under Michigan law, the elements of second-degree murder are: (1) a death, (2) caused by an act of the defendant, (3) with malice, and (4) without justification or excuse. *Stewart v. Wolfenbarger*, 595 F.3d 647, 654 (6th Cir. 2010) (citing *People v. Goecke*, 579 N.W.2d 868, 878 (Mich. 1998)). "[M]alice is defined as the intent to kill, the intent to cause great bodily harm, or the intent to do an act in wanton and willful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm." *Id.* (citing *People v. Aaron*, 299 N.W.2d 304, 326 (Mich. 1980)). Additionally, "[t]he offense of second-degree murder 'does not require an actual intent to harm or kill, but only the intent to do an act that is in obvious disregard of life-endangering consequences.'" *Id.* at 658 (quoting *People v. Aldrich*, 631 N.W.2d 67, 80 (Mich. Ct. App. 2001)).

A defendant is guilty of voluntary manslaughter in Michigan if the evidence establishes "(1) that the defendant killed in the heat of passion; (2) that the passion was caused by an adequate provocation; and (3) that there was not a lapse of time during which a reasonable person could control his passions." *Richardson v. Berghuis*, No. 2:07-CV-13405, 2010 WL 3290961, at *7 (E.D. Mich. Aug. 16, 2010) (internal citation omitted). Although the prosecution must prove its case beyond a reasonable doubt, under Michigan law "the burden of proof to show

6

provocation . . . is on the defendant, and it must be shown by a preponderance of the evidence." *Ruelas v. Wolfenbarger*, 580 F.3d 403, 413 (6th Cir. 2009) (citing *People v. Darden*, 585 N.W.2d 27, 31 (Mich. Ct. App. 1998)).

The Michigan Court of Appeals rejected petitioner's claim on the merits and held that there was sufficient evidence, including evidence of malice, to support her conviction for second-degree murder:

> [W]e conclude that the prosecution presented sufficient evidence to support the jury's verdict. Defendant's argument on appeal relies entirely on her own version of the events that occurred in the early morning hours of June 15, 2015, which, as stated above, is improper. *Tennyson*, 487 Mich at 735; *Hardiman*, 466 Mich at 421. Nevertheless, we think it is important to briefly describe how her own version of events has evolved since she stabbed her boyfriend to death that morning. When officers first arrived at the scene, she informed an officer that Marshall had arrived at home completely naked with a stab wound in his chest that morning. Later, however, she stated that Marshall had arrived home clothed but still with a stab wound in his chest. It does not appear that she ever clarified how his clothing was removed in this version, and no blood was found on the shirt that he was wearing earlier that morning. Throughout the entire morning, defendant denied knowing how Marshall was stabbed. At trial, defendant's version was quite a bit different. She testified that defendant was "pushing," "chasing," "throwing," "punching," "grabbing," "beating," and "choking" her because she refused to have sex with him. Then, defendant testified, she stabbed Marshall once in the chest with a kitchen knife in self-defense. She denied experiencing any jealousy regarding Marshall's relationships with other women. Now, for the first time on appeal, she claims that she stabbed Marshall during a "heat of passion," not in self-defense. Thus, she concludes, she is guilty of voluntary manslaughter, not second-degree murder. We disagree.
>
> The prosecution presented sufficient evidence to support the jury's verdict of second-degree murder. Viewing the evidence in a light most favorable to the prosecution, *Tennyson*, 487 Mich at 735; *Hardiman*, 466 Mich at 421, the jury was presented with evidence that defendant killed her boyfriend out of jealousy over his relationships with other women. Evidence admitted at trial demonstrated that Marshall's and defendant's fingerprints were on Marshall's cellphone, and the jury could infer from this, especially in light of their argument regarding other women several hours before Marshall was murdered, that defendant was angry with Marshall and jealous of his relationships with other women. Additionally, the fact that defendant stabbed Marshall with a five-inch knife in the chest,

7

> i.e., the area where the heart is located, also supports defendant's intent at the time of the stabbing. See *Henderson*, 306 Mich App at 11; see also *People v Stiller*, 242 Mich App 38, 43; 617 NW2d 697 (2000). Finally, the fact that she asked her grown daughter "to get [the neighbors] on [her] side" could also be considered by the jury as evidence of defendant's guilt. Accordingly, viewing the evidence in a light most favorable to the prosecution and drawing all reasonable inferences and credibility determinations in support of the verdict, *Gonzalez*, 468 Mich at 640-641; *Nowack*, 462 Mich at 399-400, we conclude that there was sufficient evidence to support the jury's verdict.

*Fundunburks*, No. 327479, at *3.

The Michigan Court of Appeals disagreed with petitioner "that the evidence as presented compelled a voluntary-manslaughter conviction." *Id.* The court reasoned:

> The jury heard defendant's and several defense witnesses' testimony, and all of those witnesses testified that defendant was involved in a severe altercation with Marshall prior to his death. Defendant specifically testified that Marshall assaulted and tried to anally, orally, and vaginally rape her just moments before she stabbed him in self-defense. From this testimony, the jury was certainly permitted to conclude that defendant acted in a heat of passion (or in self-defense). But, it did not, and we will not interfere with the jury's assessment of the weight and credibility of the witnesses' testimony or evidence presented at trial. *People v Dunigan*, 299 Mich App 579, 582; 831 NW2d 243 (2013); *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992). It is apparent that the jury did not find defendant's version of events at trial credible, and that lack of credibility was supported by several witnesses' testimony and other evidence. Specifically, defendant never mentioned the alleged assault and attempted rape to any police officer, and all officers testified that defendant did not have any physical injuries when they arrived at the scene. Accordingly, we conclude that the jury's verdict was supported by sufficient evidence.

*Id.* at *3-4.

In the present case, petitioner has not shown that the Michigan Court of Appeals' rejection of her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103. That court reasonably determined that viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence to support the jury's verdict of second-

degree murder in part because a rational trier of fact could conclude that petitioner acted with malice when she stabbed the victim. The court noted that "the jury was presented with evidence that defendant killed her boyfriend out of jealousy over his relationships with other women." *Fundunburks*, No. 327479, at *3. It found that "the fact that defendant stabbed [him] with a five-inch knife in the chest, i.e., the area where the heart is located, also supports defendant's intent at the time of the stabbing." *Id.* This determination is entitled to "considerable deference" because it is a proper application of the *Jackson* standard and was not "so insupportable as to fall below the threshold of bare rationality." *Coleman*, 566 U.S. at 656. As the court noted, even if evidence was presented by petitioner that could have supported a voluntary manslaughter verdict, the jury was not required to accept petitioner's version of the facts. *Fundunburks*, No. 327479, at *3-4.

**IV. Certificate of Appealability**

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability issues. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotations and citations omitted). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). In this case, the Court shall deny petitioner a certificate of appealability because she has failed to make a substantial showing of the denial of a federal constitutional right, as discussed above. *See Dell v. Straub*, 194 F. Supp.

2d 629, 659 (E.D. Mich. 2002). The Court shall also deny petitioner leave to appeal in forma pauperis because any appeal would be frivolous. *Id.*

**V. Conclusion**

For the reasons stated above,

IT IS ORDERED that the petition for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that a certificate of appealability is denied. The Court also denies permission to appeal in forma pauperis

|  |  |
|---|---|
| Dated: May 8, 2019<br>Detroit, Michigan | s/Bernard A. Friedman<br>BERNARD A. FRIEDMAN<br>SENIOR U.S. DISTRICT JUDGE |

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on May 8, 2019.

| | |
|---|---|
| Candice Fundunburks #753292<br>Huron Valley Complex - Womens<br>3201 Bemis Rd<br>Ypsilanti, MI 48197-9307 | s/Johnetta M. Curry-Williams<br>Case Manager |